In the United States District Court for
the Middle District of Alabama

2005 DEC 29 A 9 33

Perrion Roberts 159116 )
   Plaintiff )
 )
v. ) 2:05CV1236-T
 ) Civil Action No.
Warden Gladys Deese )
Deputy Warden Frank Albright )
Lieutenant Lenita Hawthorne )
Prison Health Services )
Dr. Samuel Englehardt )
Marion Wright, R.N.; Nurse Mobley LPN )
   Defendant(s)

## I. Jurisdiction and Venue

This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eigth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

times herein, the Warden of Tutwiler. As Warden at

This cause of action arose in the Middle District of Alabama. Therefore, venue is proper under 28 U.S.C. § 1391(b)(2), because the events giving rise at this cause of action occurred at Tutwiler Prison for Women in Wetumpka, Alabama, which is located within the Middle District of State.

There is no prison grievance procedure in my institution, but I complained to prison authorities. The prison officials did not respond to my complaints.

II.    Parties

Plaintiff, Perrion Roberts, is and was, at all times relevant hereto, a prisoner in the custody of the Alabama Department of Corrections (ADOC). At the time of the events relevant hereto, Roberts was incarcerated at Tutwiler. Roberts is currently incarcerated at Tutwiler Prison for Women ("Tutwiler").

Plaintiff, Perrion Roberts, is and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of Alabama.

Defendant, Gladys Deese, is and was at all relevant times herein, the Warden of Tutwiler. As Warden of

the prison, Defendant manages its day-to-day operations and executes its policies.

Defendant, Frank Albright, is and was at all relevant times herein, the Deputy Warden of Tutwiler. As Deputy Warden of the prison, Defendant working with the Warden to supervise the day-to-day operations at the facility to enforce policies, rules, and regulations pertaining to the health, safety, and security of inmates.

Defendant, Lieutenant Lenita Hawthorne, is an ADOC officer, with the rank of Lieutenant, who at all times relevant hereto was assigned to Tutwiler Prison Annex Administration, Defendant manages its day-to-day operations and executes its policies, rules, and regulations pertaining to the health, safety, and security of inmates.

Defendant, Prison Health Services, is a private contractor and was, at all times relevant hereto, a Health Service retained by ADOC to provide medical care at Tutwiler.

Defendant, Dr. Samuel Englehardt, was, at all times relevant hereto, a physician employed by Prison Health Services, retained by ADOC to provide medical services at Tutwiler.

Defendant,          Mobley, was at all times relevant hereto a Licensed Practical Nurse, employed by

the doctor and D.O.N. to provide medical services at Tutwiler.

Defendant, Marion Wright, R.N., was, at all times relevant here to, a Director of Nurses, employed by Prison Health Services, retained by ADOC working with the doctor, to provide medical services at Tutwiler.

III.     Previous Lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? Yes ( ) No (✓)

   B. Have you begun other lawsuits in state or federal courts relating to your imprisonment? Yes (✓) No ( )

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties of this previous lawsuit:
      Plaintiff(s) Perrion Roberts

      Defendant(s) Donal Campbell, et al.)

   2. Court (if federal court, name the district; if state court, name the county): Middle District of Alabama

3. Docket number 2:05-CV-578-F

4. Name of judge to whom case was assigned:
Vanzetta Penn McPherson, U.S. Magistrate Judge

5. Disposition (for example: was the case dismissed? was it appealed? Is it still pending?
Still pending

6. Approximate date of filing lawsuit 6-15-05

7. Approximate date of disposition Still pending

IV. Place of Present Confinement

Julia Tutwiler Prison for Women
8966 U.S. Hwy 231
Wetumpka, AL 36092
Dorm 12 - Annex

V. Place or Institution Where Incident Occurred

Julia Tutwiler Prison for Women.

VI. The Date Upon Which Said Violation Occurred

April 21, 2004 to Present

VII. <u>State briefly the grounds on which you base your allegation that your constitutional rights are being violated</u>:

Ground One: Inadequate Medical Care

VIII. <u>Statement of Claim</u>

At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of her constitutional rights, as set forth more fully below.

IX. <u>Statement of Facts</u>

Specific Instances

1. On or about April 19, 2004, Plaintiff arrived at Tutwiler Prison for Women. Plaintiffs medication for her known medical condition arrived with her. Healthcare refused her the medication.

2. Plaintiff suffers from severe Chronic Rheumatoid Arthritis and as a result, has underwent three (3) surgeries prior to plaintiff's prison confinement and has been unable to get adequate medical care for this physical ailment to date.

3. On or about April 21, 2004, Plaintiff was seen by defendant Dr. Englehardt. At which time, Plaintiff informed defendant, Dr. Englehardt, of the instructions of her surgeon, as well as prescribed medication. Plaintiff was denied the pain medication, arthritis medication, and therapy that had been prescribed to her by her surgeon, and ~~this~~ was left in constant pain. Defendant, Dr. Englehardt, stated to Plaintiff that her medication was too expensive and that the state will not pay for it, nor does anyone go to therapy.

4. On or about April 2004 at Job Board, Plaintiff was denied Tradeschool by Defendant, Frank Albright, because of her disability, but he assigned her to housekeeping, which would cause severe pain to her already deteriorating joints.

5. On or about June 15, 2004, Officer Sewell called to healthcare about 7:30 A.M. for severe pain in elbow and legs of Plaintiff. He was told to inform Plaintiff to sign up for sick call. Healthcare saw Plaintiff at 11:45 P.M. and healthcare refused to give her any pain medication. Plaintiff was advised by healthcare to drink more water to stop the pain. Plaintiff filed several complaints to Marion Wright, R.N., the Director of Nurses. Plaintiff received no response.

6. Despite the severity of her physical condition and excruciating pain, plaintiff suffered as a result of her medical condition, only one (1) Tylenol was administered to plaintiff after four (4) months of complaining.

7. On or about July 2004, Defendant, Dr. Englehardt, ordered the Release of Plaintiff's Medical Records from her surgeon, Dr. Howard Miller, (Huntsville, AL.) Defendant, Dr. Englehardt, started Plaintiff on minor arthritis medication and not medication for Progressive Rheumatoid Arthritis, which the medication caused Plaintiff serious side effects and no relief from her excruciating pain in her joints. Only two (2) Tylenols for pain and no therapy.

8. Although Plaintiff's pain was not alleviated, no stronger pain medication was administered.

9. Plaintiff complained verbally, as well as several written requests to Defendants Warden Deese, Deputy Warden Albright, and Lt. Hawthorne pertaining to her medical condition, as well as the inadequate medical treatment that healthcare was providing. Neither of the three (3) ever responded to Plaintiff's complaint.

Defendant Wright told Plaintiff that pain is something that she must live with until she is released, because the ADOC will not pay for the treatment that

she need. Defendant Wright refused Plaintiff pain medication several times.

10. On or about July 2004 and November 2004, Plaintiff was sent to two (2) different orthopedics, the last one being Dr. Pinchback (Montgomery, AL), which placed Plaintiff's arm in a splint. Dr. Pinchback, as well as the prior orthopedic, recommended that the Plaintiff needs to see a Rheumatologist because an orthopedic is needed for surgery, which she does not need at this time. Plaintiff is in need of aggressive treatments.

11. October 13, 2004 and June 18, 2004, Defendant, Frank Albright laughed and joked about plaintiff's arm and stated that there was nothing wrong with Plaintiff's arm. He also stated that he has a family member that has arthritis and is old and gets around real good.

12. Between November 2004 to March 2005, Plaintiff complained constantly to healthcare and Defendant, Marion Wright, R.N., about being in excruciating pain. Plaintiff received no relief and was told that there was nothing they could do because Plaintiff has arthritis and must learn to live with pain. Plaintiff is unable to do major life activities.

13. November 30, 2004 and December 1, 2004, Plaintiff sent a request to Defendant, Deese, and Defendant, Albright, about the inadequate medical care she

was receiving and about the never ending pain she was experiencing. No response.

14. March 8, 2005, Plaintiff was seen by Rheumatologist, Dr. Jakes. By this time, Plaintiff's right arm had fused in a 90° angle. Movement in Plaintiff's left arm also declined. Dr. Jakes prescribed Plaintiff four (4) prescriptions and ordered blood tests once a month.

15. March 25, 2005, Plaintiff received one (1) out of the four (4) prescriptions, 18 days after Dr. Jakes had prescribed the medication. Plaintiff complained several times prior to receiving the medication.

16. March, 2005 – June, 2005, Plaintiff complained about three (3) prescriptions prescribed by Dr. Jakes, the never ending pain, and lack of sleep due to the pain. Plaintiff received no response.

17. On several occasions prior to June, 2005, Defendant, Dr. Englehardt, prescribed Ibuprofen (Motrin) to Plaintiff, after being notified that she is allergic to the medication. Defendant Englehardt prescribed medication for approximately one (1) year.

18. June 23, 2005, Plaintiff was seen by Dr. Jakes for follow-up. Dr. Jakes informed plaintiff that she is getting worse and that she has not progressed any since he last saw her. Dr. Jakes stated that plaintiff had to be treated aggressively. He also stated that he did not know what to do since ADOC still had not paid for the last prescriptions. Dr. Jakes prescribed some alternate medications which did nothing to alleviate the pain or slow down the rapid deterioration of plaintiff's joints.

19. July 26, 2005, Plaintiff was in excruciating pain in both arms. She could not move them, her ankle, or her knees, which she was unable to walk without help. Plaintiff was seen by Nurse Fuller, which she recommended plaintiff to see the doctor. Officer Thomas called healthcare for plaintiff to be seen by the doctor. Healthcare refused to see plaintiff without any explanation.

20. Plaintiff put in several requests, complaints, and medical grievances and complained to several nurses verbally. Plaintiff received no response.

21. July 30, 2005, Plaintiff's medication ran out. Fifty-three (53) days later, on September 20, 2005, Plaintiff received the medication. Because plaintiff

was without her medication for fifty-three (53) days, her arms deteriorated even more. She was running a fever and all major joints filled with fluid, which caused severe pain and stiffness.

22. September 22, 2005, Plaintiff was seen by Dr. Jakes He stated that she had gotten wore since her last visit and that she needed to be treated aggressively, as soon as possible. He stated that there was nothing that he could do, if ADOC will not pay for her treatments.

23. 3-21-05 Nurse Mobley administered medication to the Plaintiff that plainly states in her medical records that she is allergic to it. Plaintiff suffered a severe side effect from the medication. Plaintiff was carried by Officer Mills and Inmate Linda Owens to healthcare. Nurse Mobley stated in the presents of Linda Owens and Officer Mills that she don't know why she is acting like that, all she need to do is sleep it off. Nurse Mobley then stated that all she gave the Plaintiff was Ibuprohen, Indocine and other medication. At that time Plaintiff stated that she is allergic to those two medication.

### In General

24. In general, defendants exercised deliberate indifference to Plaintiff's health by purposely ignoring her serious medical needs.

### Prayer for Relief

Plaintiff request an order declaring that the defendants have acted in violation of the United States Constitution

Plaintiff request an injunction compelling defendants to provide Plaintiff with necessary treatments prescribe by Outside specialist, adequate necessary medical services

in a timely manner, provide medication in a timely manner, adequate medical prevention of futher deterioration of Plaintiff's joints.

WHEREFORE, Perrion Roberts prays for judgement in her favor and money damages in her favor against all defendants in an amount sufficient to compensate her for the pain and mental anguish suffered by her due to the deliberate indifference and intentional misconduct of defendants, together with her Attorneys' fees and costs, and such addition relief as the Court may deem just and proper.

Respectfully Submitted

*[signature]*

PERRION ROBERTS
Plaintiff

## Ground one: Inadequate Medical Care

Plaintiff realleges and incorporates by reference her allegations in paragraphs 1 through 23 as if fully restated herein.

Defendant Dr. Englehardt exercised deliberate indifference to Plaintiff's health by failing to provide adequate medical care to her, by diagnosing Plaintiff with Rheumatoid Arthritis and refusing for eleven (11) months to send her to a specially trained doctor. Because of the delay Plaintiff's right arm is fused in a 90° angle and has significantly changed Plaintiff quality of life.

Defendant Dr. Englehardt exercised deliberate indifference to Plaintiffs health by denying plaintiff pain medication and therapy prescribed by her surgeon and specially trained doctor, and choosing and easier, but less effective method of medical care. Thus causing Plaintiff permanent injury.

Defendant Marion Wright RN exercised deliberate indifference to Plaintiffs health by failing to provide adequate medical care to Plaintiff. Instead Defendant Wright stated to Plaintiff that she must learn to live with pain until she is released because ADOC will not pay for her treatments. Nurse Wright also refused Plaintiff pain medication, which left Plaintiff in severe pain.

Defendant Dr. Englehardt exercised deliberate indifference to Plaintiff's health by choosing easier, but less effective method of medical care. Defendant Dr. Englehardt intentionally did not administer prescribed medication from outside specially trained doctor.

Defendant Dr. Englehardt exercised deliberate indifference to Plaintiff's health by prescribing medication that she is allergic to.

Defendant Nurse Mobley exercise deliberate indifference to Plaintiff's health by administering medication to Plaintiff that she is allergic to and medication that is not Plaintiff's. Nurse Mobley did not show any concern to Plaintiffs health instead she made derriogatory comments to Plaintiff.

As a result of Dr. Englehardt's deliberate indifference to Plaintff's condition, plaintiff suffered further pain and mental anguish. She continue to suffer from severe pain throughout her body and Dr. Englehardt refuse to provide adequate pain medication for Plaintiff as well as therapy.

Defendant Albright exercise deliberate indifference to Plaintiffs health by ignoring request and oral complaints. Instead, Defendant Albright mocked Plaintiff in front of other administrative personnel

Defendants Deese, Albright & Hawthorne exercise deliberate indifference to Plaintiffs health by ignoring, request and oral complaints.