IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PERRION ROBERTS, #159116**    ) | |
| ) | |
|     **Plaintiff,**    ) | |
| ) | |
| **v.**    ) | **CASE NO.: 2:05-CV-1236-MHT** |
| ) | |
| **GLADYS DEESE, et al.**    ) | |
| ) | |
|     **Defendants.**    ) | |

## SPECIAL REPORT

COME NOW defendants, Gladys Deese, Frank Albright, and Lenita Hawthone, by and through Troy King, Attorney General for the State of Alabama, and hereby file their Special Report as follows:

## PARTIES

1.    The plaintiff, Perrion Roberts, is in the custody of the Alabama Department of Corrections ("ADOC") and is incarcerated in the Julia Tutwiler Prison for Women in Wetumpka, Alabama.

2.    Defendant Gladys Deese was, at the time of the allegations complained of in the plaintiff's Complaint, employed by the Alabama Department of Corrections as a Warden III at the Julia Tutwiler Prison for Women in Wetumpka, Alabama. Ms. Deese has now retired from state employment.

3.    Defendant Frank Albright was, at the time of the allegations complained of in the plaintiff's Complaint, employed by the Alabama Department of Corrections as an Assistant

Warden at the Julia Tutwiler Prison for Women in Wetumpka, Alabama. Mr. Albright is now Warden III at Tutwiler.

3. Defendant Lenita Hawthorne is employed by the Alabama Department of Corrections as a Correctional Officer Supervisor at the Julia Tutwiler Prison for Women in Wetumpka, Alabama, and was in such capacity at all times complained of in the plaintiff's complaint.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that the defendants acted with deliberate indifference to her serious medical needs by refusing to provide her with proper medical care with regard to her rheumatoid arthritis. Specifically, plaintiff alleges that defendants are aware that she suffers from rheumatoid arthritis, which, she contends, causes severe pain to her joints, and that, although she states she made several requests for proper treatment as suggested by a free world doctor, such medical attention and care has been denied. She contends that defendants have refused to ensure that her prescriptions were filled and given to her. Plaintiff also states that defendant Deese ignored her complaints, both written and oral, of inadequate medical care at the facility and her requests for proper medical treatment. Plaintiff further contends that defendant Albright ignored her disability, denied her trade school attendance and placed her in a housekeeping job, which caused severe pain to plaintiff. In addition, plaintiff alleges that defendant Albright laughed at her and joked about her arm having to be placed in a sling and that he ignored her complaints of inadequate medical care at the facility and her requests for proper medical treatment. Plaintiff states that defendant Hawthorne ignored her complaints, both written and oral, of inadequate medical care at the facility and her requests for proper medical treatment. Plaintiff requests relief in the form of an injunction and monetary damages.

## DEFENDANTS' EXHIBITS

Defendants hereby submit the following exhibits in support of their Special Report:

1. Exhibit A – Affidavit of Frank Albright

2. Exhibit B – Affidavit of Lenita Hawthorne.

## DEFENDANTS' RESPONSE

1. Defendants deny that they were negligent or deliberately indifferent to plaintiff's medical care.

2. Defendants deny any involvement in the medical treatment decisions regarding the plaintiff.

3. Defendants deny that they violated any of the plaintiff's Constitutional rights.

4. Defendants assert the affirmative defenses of sovereign and qualified immunity.

## ARGUMENT AND FACT OF LAW

**A.    Statement of Facts**

In April 2004, the plaintiff informed Warden Albright that she had an illness requiring her to wear an arm brace and requiring her to have a light duty work assignment. Warden Albright assigned her to the light duty of housekeeping on a temporary basis to allow her arm to heal. The plaintiff, however, failed to comply with doctor's orders to wear the arm brace. (Ex. A p. 1)

On November 2, 2004, Warden Albright and the plaintiff met together with Warden Albright's secretary at the plaintiff's request. The plaintiff inquired as to her classification, and Warden Albright explained that she was not eligible for community custody because of the amount of cocaine in her possession at the time of her arrest. The plaintiff also inquired about her medical status, and so defendant Albright requested that she be seen by the Healthcare Unit.

3

Dr. Samuel Englehardt examined the plaintiff on November 3, 2004, and referred the plaintiff to a rheumatologist, who examined and treated the plaintiff three times before July 2005. (Ex. A, p. 2) Warden Albright did not receive any other requests from the plaintiff until September 6, 2005, when she submitted a request stating that she had not received her prescribed medication. Warden Albright properly directed this request to Ms. Aaron Bee of Prison Heath Services. (Ex. A p. 2) Warden Albright did not tease or poke fun at the plaintiff. (Ex. A p. 1)

As to the allegations against defendant Lt. Hawthorne, on several occasions the plaintiff informed Lt. Hawthorne that she was not receiving her medication. (Ex. B, p. 1) Lt. Hawthorne relayed this information to Ms. Marion Wright of Prison Heath Services and to former Warden Gladys Deese. The plaintiff reported back to Lt. Hawthorne that she had received her medication. (Ex. B, p. 2)

### B. Defendants Were Not Negligent or Deliberately Indifferent to Plaintiff's Need for Medical Care.

As is shown by substantial evidence in the attached affidavits, defendants were not deliberately indifferent to the plaintiff's medical needs. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eight Amendment." *Estelle v Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The standard for a claim of deliberate indifference is "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). The Supreme Court has also held that:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the

> official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference … The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer v Brennan*, 511 U.S. 825, 837-38 (1994), quoted in *Campbell v Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). There is no evidence that Warden Deese, Warden Albright or Lieutenant Hawthorne disregarded the plaintiff's medical needs. In fact, these defendants relied on Prison Health Services to determine the proper medical care for the plaintiff. (Exs. A, B)

As shown by the attached affidavits, the defendants did not disregard the plaintiff's known medical needs, but took action to see that her known medical needs were addressed by the appropriate parties. Warden Albright states that he assigned the plaintiff to the Housekeeping Unit when she informed him that she had an illness that would require light duty and would need to wear an arm brace. (Ex. A) Warden Albright states that the plaintiff did not wear the arm brace when working and he questioned her about this. (Ex. A) Warden Albright also questioned the plaintiff about whether or not she had regular appointments with the doctor. When he received a request slip on November 1, 2004, from the plaintiff requesting to speak with him one-on-one, Warden Albright granted this request and on November 3, 2004, made sure that the plaintiff was seen by the Healthcare Unit. (Ex. A) According to the Offsite Medical Appointment records reviewed by Warden Albright, the plaintiff was seen by an outside physician in November 2004, who referred the plaintiff to a rheumatologist. The plaintiff was treated by this rheumatologist approximately three times. (Ex. A) When the plaintiff informed Warden Albright in a September 6, 2005, request slip that she was not receiving her medication, Warden Albright directed this information to the Prison Health Services Administrator. (Ex. A) As the evidence shows, Warden Albright did not disregard the plaintiff's need for medical care,

but instead, took action to seek medical care for the plaintiff each time he became aware of her medical needs.

Lt. Lenita Hawthorne states in her affidavit that as soon as the plaintiff informed her that she was not receiving her medication, she (Hawthorne) directed this information to Prison Health Services. (Ex. B) Lt. Hawthorne also informed Warden Deese of the plaintiff's complaints, and the plaintiff indicated to Lt. Hawthorne that her problems were corrected. (Ex. B) As with Warden Albright, Lt. Hawthorne took steps to ensure that the plaintiff obtained medical care. Thus, Lt. Hawthorne did not disregard the plaintiff's need for medical care and was, therefore, not deliberately indifferent to her medical needs. Because defendants were not deliberately indifferent to plaintiff's need for medical care, this Court should enter a summary judgment in their favor.

**C. Defendants Should be Granted Summary Judgment on the Grounds of Immunity.**

To the extent they are sued in their official capacities, the defendants are immune from liability. The Eleventh Amendment to the United States Constitution provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suit against a state by that state's own citizens. See *Edelman v Jordan*, 415 U.S. 651, 663 (1974) and *Hans v Louisiana*, 134 U.S. 1, 13-15 (1890). The Eleventh Amendment also bars suit against state officials and employees where the state is the real, substantial party in interest. See *Pennhurst State School & Hospital v Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay, then the state is the real party in interest and the

Eleventh Circuit bars the suit." *Summit Medical Associations, P.C. v Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is, in reality, a suit against the State of Alabama; therefore, defendants are absolutely immune from damages liability.

In addition, the defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability where there conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the defendants are protected by qualified immunity. *Wilson, supra*, (holding that marshal, wardens and prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295. These defendants are entitled to qualified immunity because there is no case law that would put them on notice that it violated clearly established law to allow the medical professionals to decide how to treat an inmate's medical problem.

## **CONCLUSION**

Based on the foregoing, the defendants respectfully request that this Honorable Court enter a summary judgment in their favor.

7

Respectfully submitted on this the 13th day of April, 2006.

                                                TROY KING (KIN047)
                                                Attorney General

                                                /s/ Benjamin H. Albritton
                                                Benjamin H. Albritton
                                                Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 13th day of April, 2006, electronically filed with Clerk of Court using the CM/ECF system the foregoing and served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Perrion Roberts, AIS 159116
Tutwiler Prison for Women
8966 US Hwy 231
Wetumpka, AL 36092

                                                /s/ Benjamin H. Albritton
                                                Benjamin H. Albritton
                                                Assistant Attorney General