RECEIVED
JUN 15 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

<u>Perrion Roberts #159116</u>
　Plaintiff

　　vs.                                          2:05-CV-1236-MHT

<u>Gladys Deese, et al.,</u>
　Defendant's

**Plaintiffs Response to Defendants
Request for Summary Judgement**

Plaintiff submits the response to defendants request for Summary for Judgment because defendants have failed to meet their burden of demonstrating that there is no dispute as to any material facts, and because the facts set forth in plaintiffs statement of material facts and the attached evidence show that defendants violated her clearly established Constitutional Rights, this court should deny defendants request.

**I. Defendants Are Not Entitled to Qualified Immunity.**

Defendants argue that the doctrine of qualified immunity shields them from liability for their decision to subject plaintiff to substandard medical care for several months at a time. At the Julia Tutwiler Prison for Women (Tutwiler), as the Suprreme Courts has explained, "qualified immunity seeks to ensure that the
defendants' reasonably can anticipate when their conduct may give rise to liability; by attaching liability only if (t)he contours of the right (violated are) sufficiently clear that a reasonable official would understand that what he is



doing violates that right. United States vs. Lainer, 520 U.S. 259, 270 (1997)." This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful; but it is to say that in the light of preexsisting law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635,640 (1987). Here it was apparent by April 2004 - December 2005 that the Eighth Ammendment prohibited defendants from subjecting the plaintiff to the unnecessary and wanton infiction of pain (denying medical care, and knowledge of a substantial risk). In Farmer v. Brannan U.S. at 842 a medical need is considered "Serious" if it "causes pain, discomfort, or threat to good health." Estelle v. Gamble, 429 U.S. 97, 104 - 05 (1976) (holding that Constitution prohibits officials from intentionally denying inmates access to medical care). Hill v. Marshall, 962 F.2d 1209, 1213 - 14 (6th Cir. 1992) (stating that Corrections Officials whose job was " to review and respond to inmates medical needs could be liable for failing to his job when he was on notice of prisoners medical needs"). Kaminsky v. Rosenblum, 737 F.Supp. 1309, 1318 (S.D.N.Y. 1990) (holding that Qualified Immunity did not apply because the prison doctors were aware that alledged conduct implicated the prisoners right). West v. Keve, 571 F.2d 158, 162 (3d Cir. 1978) (deliberate indifference standard met when doctor chooses easier but less effective method of medical care). As plaintiffs Statement of Material Facts show, " inadaquate medical care" at Tutwiler is a violation of the Eighth Amendment. A the time of plaintiffs confindment there, defendants refused to treat plaintiffs chronic condition as serious. McGuckin v. Smith, 974 F .2d at 1060 ("Chronic and Substantial pain" indicating that a medicial need is serious." Boretti v. Wiscomb, 930 F .2d 1150,1154 - 55 (6th Cir. 1981) (Moreland v. Wharton, 899 F .2d 1168, 1170 (11th Cir. 1989) ("significant and uncomfrontabl health problems" is actionable);

Johnson - El v. Schoemehl, 878 F.2d 1043, 1055 (8th Cir. 1989) (condition that is medically serious or painful in nature may be actionable". Plaintiff submitted several sick call requests, complaints, and grievances about severe and chronic pain, her medication was out for a long period of time, the doctors and nurses refused medical care and pain needs. Wolfel v. Ferguson, (689 F.Supp. 756, 759 (S.D. Ohio 1987) damages awarded for denial by nurse of access to a doctor who could renew a perscription. Boretti v. Wiscomb, 930 F.2d 1150, 1154 - 55 (6th Cir 1981) "nurse refusal to give pain medication and perform dressing changes as perscribed by doctor supported a delibrate indifferance claim." H.C. by Hewett v. Jarrard, 786, F.2d 1080, 1083,1087 (11th Cir 1986) (damages awarded for three day denial of medical care with no permanent injuries resulting). Defendants refused plaintiff medication from outside specialist because of the cost. Jones v. Johnson, 781 F.2d 769, 711 - 72 (8th Cir. 1986) (supervisory officials could be liable for budgetary restrictions on medical care). These predecent preclude entry of summary judgment against plaintiff on the grounds of qualified immunity. Indeed, this case presents inadequate medical care so egreious that any reasonable official would hane known that it violates the Constitution, regardless of preexsisting case law. As the Supreme Court has observed, " the easiest cases don't arose. There has never been... a 1983 case accusing welfare officials of selling foster children to slavery; it does not follow that if such case arose, the officials would be immune from damages or criminal liability." Lainer, 520 U.S. at 271 (citation Omitted ). Defendants request should therefore be denied.

The defendants argue that they should be dismissed from this lawsuit on the grounds of qualified immunity. They argue that the law in April 2004 - December 2005 was not clearly established that a prision official violates the Fourteenth Amendment when they

deny medical attention to an inmate who has chronic degenerative joint condition, vomitting, and complaining about stomache pain. However, the Eleventh Circuit has held that it was clearly established by 1995 that an official act with deliberate indifference when he knows that an inmate is in serious need of medicial care, but he fails or refuses to obtain medical treatment for the inmate. " Laincaster v. Monroe County, 116 F .3d 1419, 1425 (11th Cir 1997). That is exactly what plaintiff alleges happened on this case. See also McElligott v. Foley, 182, F .3d 1260 (11th Cir. 1999); Harris v. Coweta County, 21 F .3d 388, 394 (11th Cir. 1994); Mandel v. Doe, 888 F .2d 783, 789 - 90 (11th Cir. 1988); H.C. by Hewitt v. Jarrard 786 F .2d 1080, 1086 - 87 (11th Cir. 1986) ; Ancata v. Prision Health Services Inc., 769, F .2d 700, 702 (11th Cir. 1985); see generally Estelle v. Gamble, 429, U.S. 97, 104 - 05 (1987) (holding that Constitution prohibits officials from intentionally denying inmates access to medical care). These cases made the unlawfulness of the defendants denial of medical care apparent at the time. See Anderson v. Creighton 483 U.S. 635, 640 (1987). They are therefore not entitled to qualified immunity.

**II. Defendants Are Not Entitled To Relief Under 42 U.S.C. section 1997 e(e).**
Defendants' also argue that plaintiff has not suffered any physical injury and is therefore not entitled to receive judgment or damages arising from any mental angus under 42 U.S.C. section 1997 e(e). This is plainly incorrect. As the plaintiff's declaration and medical records shows she suffered degenerative joint condition which caused her great pain ad difficulty and the loss and use of her dominate arm, excurciating pain in her elbows, knees, back daily muscle cramps, stomach pains, breathing defficulty, nausea, and vomiting as a result of being taken off medication that was working for her and being put on less effective medication, no therapy and her job assignment

in housekeeping severly damaged her elbow and wrist, and being very over medicated. These injuries are indisputable "physical" in nature and more than deminimis. They were so serious that Dr. Jakes determinded that plaintiff required aggressive treatments. Defendants do not cite any case law in support of their argument that section 1997 e(e) precludes a damage remedy for plaintiff in this situation. Summary judgment on this basis is improper. Defendants also argue that plaintiff has not exaust her administrative remedies and that her complaint is premature and is therefore not entitled to receive damages under 42 U.S.C. section 1997 e(e). This is plainly incorrect. As the plaintiff's declaration and exhibits show, she filed several complaints and grievances. Some in which she was answered and some were not. Plaintiff requested several times for grievances and appeal forms, she was told by officials that appeal forms were not available only complaints and grievances. Plaintiff requested appeal forms from Marion Wright several times and responded once that they are available at each post, which they were not. Plaintiff is not aware of any administrative remedies for inmates to exhaust in the Alabama Department of Corrections or at Tutwiler Prison for Women. If there is they are not available to inmates. Plaintiff has exhausted all available medical remedies. Copies of these documents are attached to this response along with copies of inmate request forms that plaintiff filed requesting the proper medical grievances and appeal forms. See Foulle v. Charrier, 262 F .3d 687, 698 (8th Cir. 2001) (holding that inmate exhausted his available administrative remedies, where his testimony established that prison officials failed to respond to informal Resolution Request, thereby preventing him from filing grievances or appeals). Brown v. Toombs, 139 F .3d 1102, 1104 (6th Cir. 1998) (holding that inmates must "allege and show that they have exhausted all available administrative remedies by attaching two

(2) copies of applicable administrative dispositions or in absence of written documentation, describing with specificity administrative proceeding and its outcome). Defendants do not cite any case law in support of their argument that section 1997 e(e) precludes a damages remedy for plaintiff in this situation. Summary judgment on this basis is improper.

The right to adequate medical care was clearly established, the Warden, Deputy Warden, Lieutenant, PHS, Doctors and Nurses were liable for failing to enforce policies, rules and regulations pertaining to health once plaintiff had informed them of the substandard medical care that she was recieving and because of it she lost the use of her arm.

### III. Plaintiffs Request For Injunctive Relief Is Not Moot

Finally defendant contend that plaintiff's request for injunctive relief is moot. They have failed, however to carry their "heavy burden" showing that the inadequate medical care has been dismissed. Defendants are being monitored for four years, because of Laube v. Campbell, No. CV-02 -T 957- N they continue to fail to provide adequate medical care to the plaintiff, follow-up treatment carry out without delay treatment and medication directed by outside medical specialist. Because injunctive relief remains necessary to correct this on going violation of the Eighth Amendment, the defendants request should be denied.

### Conclusion

For all the above reasons, defendants request for summary judgment should be denied.

Sincerley

Perrion Roberts # 159116

June 12, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SERVED UPON _Office of District Court, Attorney General + Balch + Bingham_ BY THE U.S. FIRST CLASS MAIL, THIS __12th__ DAY OF __June__, __2006__.

_____
PETITIONER