Exhibit
D

## SOUTHERN CENTER for HUMAN RIGHTS

83 Poplar Street, N.W., Atlanta, Georgia 30303-2122
(404) 688-1202   Fax (404) 688-9440
E-mail: rights@schr.org    Web site: http://www.schr.org

**Stephen B. Bright**
Director

**Charles J. Ogletree**
Chair, Board of Trustees
Harvard Law School

November 11, 2004

### Confidential Attorney & Client Privilege

Perrion Roberts
AIS# 159116
Tutwiler Prison for Women
8966 US HWY 231 North
Wetumpka, AL 36092

Dear Perrion,

I am writing in response to your letter dated October 14, 2004, regarding your medical care and problems with Warden Albright. As you know we have been advocating for you to receive appropriate medical care. In our last letter to the PHS attorney we stated the following regarding your need for care:

*Perrion Roberts*

*In our letter dated July 7, 2004 we addressed the care of Perrion Roberts, a young woman who suffers from a severe case of progressive rheumatoid arthritis (RA) which is rapidly deteriorating her joints. In your last response you informed us that Ms. Roberts was receiving a tapering dose of prednisone, and Dr. Engelhardt was considering Methotrexate for treatment. In a recent meeting with Ms. Roberts she confirmed that she is taking Methotrexate, but informed us that it has failed to provide any relief for her worsening symptoms. She is in constant pain and experiences increasing swelling and limited mobility. She suffers from severe stiffness, for example her fingers and toes lock-up by contracting to the point where she is unable to move them. In order to regain movement she hits her joints against a hard surface until she experiences relief. Prior to coming to prison a rheumatologist told her that this type of contraction is part of the crippling process and at some point the effect could become permanent. Clearly Ms. Roberts requires more advanced treatment than she is currently receiving. According to the American College of Rheumatology the current standard of care for RA is combination therapy with methotrexate. Recent studies have found that Methotrexate combined with Leflunomide, Ethanercept, Infliximab or Mycophenolate mofetil provide increased relief for RA patients.*

*Ms. Roberts was sent offsite to a rheumatologist, but the medical staff at Tutwiler Prison failed to provide her with the medication prescribed by the specialist. Indeed, medical professionals should be afforded discretion in their differing treatment recommendations. However, PHS's medical staff's disregard for the outside specialists order for further treatment appears to be in clear violation of the Laube Consent Order and our understanding of nationally accepted treatment standards.*

*Under Section V.K of the Medical Settlement Agreement , "The ADOC, through its agents and contractors, shall make best efforts to ensure that the outside specialist's diagnoses and test results in addition to the specialist's orders for further testing, treatment and diagnostic services are documented in the patient's prison medical record. Orders shall be carried out in the manner prescribed by the specialist, unless a deviation or override is ordered by the attending physician at the facility. Such a deviation or override must be medically justified and documented in the medical record of the prisoner." If the attending physician at Tutwiler has prescribed a manner of treatment that deviates from Ms. Roberts rheumatologist , we request such physician provide Ms. Roberts and our offices with documentation of the medical justification for such deviation.*

*All patients who return from off-site speciality care should meet with a doctor in a timely manner to review what care and treatment will be provided. In addition, this information be transmitted to all parties providing such care.*

We are pleased to hear that you have been signed up to return to see a specialist, although it is unfortunate that you have not been provided with appropriate pain medication. Have you filed a grievance about this issue? If not please do. If you have filed a grievance, but continue to be denied appropriate pain medication I would suggest that you contact Ruth Naglich at the ADOC, and explain to her what you have experienced and that you would like to ensure that this does not continue to happen to you or others. She is assigned with the task of overseeing the improvement of medical systems in the ADOC and she needs to know that women are not being taken out for follow-up care in a timely manner or receiving appropriate medication. You can also described your problems with your arm brace to her. Her mailing address is ADOC-Criminal Justice Complex, 301 Ripley Avenue, Montgomery, AL 36130. It is unlikely that you will receive a response from her, but your letter will help inform her efforts to correct problems in the system.

On another note, from November 2-5, 2004, Dr. Michael Puisis was on-site at Tutwiler. He is the courts medical monitor for the Laube v. Campbell class-action lawsuit on behalf of all women incarcerated in the state of Alabama. His role is to audit the prison to insure that it is in compliance with the settlement agreement signed by both parties last summer. This was his first visit to the prison since the agreement was signed. During his visit he reviewed the prison in order to develop a big picture understanding of the major problems. What he learned was that the medical provider is so severely understaffed (and under qualified) that they are unable to provide timely and thoughtful medical care. Both parties will be working diligently with Dr. Puisis over the next four years to ensure that appropriate systems are put into place so as to prevent future incidents similar to what you are experiencing.

Again, thank you for keeping us up to date about your medical care. Please continue to let us know what happens with your  medical care at the prison, as well as encouraging other women to share their experiences with us. Hopefully overtime you will begin to see changes in the care provided. The DOC has agreed to provide a certain standard of care and we will hold them to that standard. Meanwhile, take care of yourself and stay strong.

Sincerely,

Vanessa Filley
*Paralegal*

**AMERCIAN CIVIL
LIBERTIES UNION
of ALABAMA**

207 Montgomery St., Suite 825
Montgomery, Alabama 36104
334-262-0304



January 26, 2005

Tutwiler Prison for Women
Warden Gladys Deese
8966 US Hwy 231 N
Wetumpka, AL 36092

Re: Perrion Roberts

Dear Warden Deese:

It has come to our attention that Ms. Perrion Roberts has received substandard medical care in Tutwiler since her incarceration. As a result, Ms. Roberts is suffering from irreparable injury to her joints and is in constant pain. We are requesting that action be immediately taken to address Ms. Roberts serious medical needs.

It is our understanding that Ms. Roberts is suffering from a severe case of progressive rheumatoid arthritis. This condition is rapidly causing her joints to deteriorate. As we understand the situation, a private doctor had prescribed Ms. Roberts with Celebrex and therapy, however, the Department of Corrections refused both because they said it is too expensive. Thereafter, the doctor at Tutwiler prescribed Methotrexate. Ms. Roberts complains of serious side effects from this medication including, severe dizziness, nausea and blurred vision. In addition, she is not feeling any relief from this medication. As it has been explained to us, Ms. Roberts is experiencing an increase in swelling, limited mobility and severe stiffness in her joints. Her personal Rheumatologist had told her that these symptoms are part of the crippling process which could become permanent.

However, we have been informed that the medical staff has disregarded Ms. Roberts deterioration and will not comply with the private doctor's order. The lack of medical care has been so egregious that the only way for Ms. Roberts to regain movement at times is to hit her joints against a hard surface. Moreover, she is finding it difficult to make simple movements without assistance such as showering, combing her hair and dressing herself.

*So long as we have enough people in this country willing to fight for their rights, we'll be called a democracy*
*Roger Baldwin, ACLU Founder*

The Eighth Amendment requires prison officials to provide prisoners with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103 (1976).  This is true regardless of whether the medical care is provided by governmental employees or by private medical staff under contract with the government.  West v. Atkins, 487 U.S. 42, 57-58 (1988); Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100 (1997).

Furthermore, the U.S. Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" in violation of the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (citations omitted).  Proof of deliberate indifference may be established by direct or by circumstantial evidence.  Direct evidence that prisoners might present are sick call requests for medical attention, the effects of any delay in obtaining access to medical staff, specific medical staff seen, treatment provided by particular staff, the nature of follow-up care ordered and whether it was carried out, complaints and formal grievances filed regarding the inadequate care including this letter.  Circumstantial evidence that prisoners might present include, proof of prison officials' knowledge of a substantial risk to a prisoner's health that can be inferred from "the very fact that the risk was obvious." Farmer, 511 U.S. at 842.  A medical need is considered "serious" if it "causes pain, discomfort, or threat to good health.  Dean v. Coughlin, 623 F.Supp. 392, 404 (S.D.N.Y. 1985).

In addition, financial constraints may not be used to justify the creation or perpetuation of Constitutional violations.  Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 392-93 (1992); Harris v. Thigpen, 941 F.2d 1495, 1509 (11th Cir. 1991).

I write to urge you to ensure that Ms. Roberts receives the proper medical attention to prevent further deterioration of her joints without delay.  Anything less constitutes cruel and unusual punishment and is a violation of her constitutional rights.  I appreciate your prompt attention to this matter and request that you inform us of your intentions at your earliest convenience.

Respectfully,


Lori Raphan
Staff Attorney
ACLU of Alabama

PRISON HEALTH SERVICES
MEDICAL COMPLAINT FORM

NAME _Perrion Roberts_   AIS # _159116_   UNIT _12_   DATE _8-18-05_

This complaint is to be completed with as few words as possible to identify the problem. Additional pages attached to this form will not be accepted.

**PART A—INMATE REQUEST**

Today is my 19th day without Rheumatoid Arthritis Medicine Sunday Aug 14, 2005 I was taken to health-care, because my heart was fluttering the medicine made me sick and dizzy The nurse (Binion) did not check my heart or blood pressure instead she said that she was putting me on the doctors list for Tuesday Aug 16, 2005 I have not seen the doctor as of today, my engery level is very low, My range of motion in my right Arm is declining My left knee is full of fluid I am in severe pain

INMATE SIGNATURE

**PART B —RESPONSE**

DATE RECEIVED _____

Body chart
87 stator

RECEIVED
AUG 18 2005
S Renken LPN

MEDICAL STAFF SIGNATURE

8/26/05
DATE

IF YOU ARE UNSATISFIED WITH THE RESPONSE, YOU MAY FILE A MEDICAL GRIEVANCE USING THE PRISON HEATLH SERVICES GRIEVANCE FORM

| | Y | N | | Y | N |
|---|---|---|---|---|---|
| I  Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI  Delay in Health Care Provided | ☐ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☐ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX  Request for Off-site Specialty Care | ☐ | ☐ |
| V Conduct of Healthcare Staff | ☐ | ☐ | X  Other | ☐ | ☐ |

# PRISON HEALTH SERVICES
## MEDICAL COMPLAINT FORM

Perrion Roberts 159116

NAME _____ AIS # _____    UNIT __12__    DATE __12-30-05__

This complaint is to be completed with as few words as possible to identify the problem. Additional pages attached to this form will not be accepted.

**PART A---INMATE REQUEST**

As of today my meds have been out 24 days
My Blood and Urine has not been tested in 2 months and
11 days.
I was not taken to my outside specialist for my
3 months follow-up, which was set for Dec. 22, 2005,
I Am having excruciating pain in my joints, my joints are
progressively deforming. I need my arthritis medication

A copy of this complaint will be foward to my
Attorney.

_____    INMATE SIGNATURE

**PART B –RESPONSE**    DATE RECEIVED _____

DEC 30 2005

_____
MEDICAL STAFF SIGNATURE

_____
DATE

IF YOU ARE UNSATISFIED WITH THE RESPONSE, YOU MAY FILE A MEDICAL GRIEVANCE USING THE PRISON HEATLH SERVICES **GRIEVANCE** FORM

| | Y | N | | Y | N |
|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ✓ | | VI   Delay in Health Care Provided | ✓ | |
| II   Dissatisfied with Quality of Dental Care | | | VII   Problems with Medication | ✓ | |
| III Dissatisfied with Quality of Mental Health Care | | | VIII Request to be seen | | |
| IV Dissatisfied with Response to Non-Medical Request | | | IX   Request for Off-site Specialty Care | ✓ | |
| V Conduct of Healthcare Staff | | | X   Other | | |

## Prison Health Services, Inc.

### Inmate Grievance

Perrion Roberts    159116                    12            1-4-06
NAME                    AIS #                    UNIT            DATE

**PART A---Inmate Grievance**

As of today my meds have been out 29 days
my blood and Urine has not been tested in 3 months
I was not taken to my outside specialist for my
3 months follow-up on or before Dec. 22, 2005
I am in exeurciating pain in my joints, my joints
are progressively deforming. I need an appeal form.
I have been out of my arthritis medication to long.

INMATE SIGNATURE

**PART B –RESPONSE**                    DATE RECEIVED_____

Please complete a sick call to see Dr. Williams
and discuss your outside Dr. visit for a 3 month visit
and your blood work, Today I will personally check your
MAR and determine that the meds ordered and properly
written on your MAR. P. Robbins RN

RN, DON
P.H.S. Department Head Signature

1/10/06
DATE

If you wish to appeal this review you may request a <u>Grievance Appeal</u> form from the Health
Services Administrator. Return the completed form to the attention of the;  Health Service
Administrator. You may place the form in the sick call request box or give it to the
segregation sick call nurse on rounds.

H.S.A Selection:

| | Y | N | | | Y | N |
|---|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☑ | ☐ | VI   Delay in Health Care Provided | | ☑ | ☐ |
| II   Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII  Problems with Medication | | ☑ | ☐ |
| III  Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | | ☐ | ☐ |
| IV  Dissatisfied with Response to Non-Medical Request | ☑ | ☐ | IX   Request for Off-site Specialty Care | | ☑ | ☐ |
| V   Conduct of Healthcare Staff | ☐ | ☐ | X    Other | | ☐ | ☐ |

Committee Review of Data Collection

RECEIVED    RECEIVED
JAN  4 2006

11/03 – Alabama
Revised 5/16/05