IN The District Court Of The United States
For The Middle District Of Alabama

RECEIVED
2006 JUN 28 A 9: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Perrion Powers #159116
   Plaintiff

vs.

Civil Action No: 2:05-CV-1236-MHT
Demanding Jury Trial

Gladys Deese, et al.
   Defendants

### Memorandum Of Law In Support Of The Plaintiff's Motion For The Appointment Of Counsel

#### Statement of the case

This is a civil rights case filed under 42 U.S.C. section 1983 by a state prisoner and asserting claims for the unconstitutional of forcing the plaintiff to work and unload the housekeeping supply truck lifting over 20lbs of supplies, with a serious medical need, the denial of due process in grievance appeal proceedings and the denial of medication by outside specialist without medical justification, the denial of medical care for injuries inflicted during the unconstitutional of forcing the plaintiff to work and unload the supply truck, the denial of medication and therapy prescribed by the outside specialist. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment.

#### Statement of facts

The Complaint alleges that the plaintiff inadequate medical care by the defendants caused her permanent injuries including a fused joint. Defendants denied

her medication and therapy prescribed by her surgeon. She was taken to an orthapedic that prescribed medication and a brace which was denied by the defendants. She was taken to another orthapedic several months later where her arm and wrist was placed in a splint, the doctor recommended a rheumatologist as soon as possible. The plaintiff did not see a rheumatologist for several months. The rheumatologist recommended aggressive treatments and medication which have been denied, the plaintiff was assigned housekeeping and was forced to unload the supply truck and lift over 20lbs of supplies which caused her to fracture her arm. The plaintiff was given medication that she was allergic to and medication that belong to another inmate and denied her proper medical treatment. Plaintiff was denied medical care for a fluttering heart. She was denied medication for chronic pain and follow-up appointments recommended by the rheumatologist. All of the defendants denied the plaintiff a grievance appeal. The defendant doctor is a retired obstetrician and was not trained in internal medicine and should not have been providing such medical care.

## Argument

### The Court Should Appoint Counsel For The Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present her claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S. Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Copper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. *Factual complexity.* The plaintiff alleges that several defendants caused her severe physical damages, while others refused to intervene. She also asserts that certain prison supervisors were on notice of the inadequate medical care, forcing her to work and lift heavy loads and did nothing about them. She challenges the denial of medical care after specific incident by other defendants. Finally, she claims denial of due process by the acting director of nurses and the wardens. The sheer number of claims and defendants makes this a factually complex case.

In addition, one of the plaintiff's claims involves the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

2. *The plaintiff's ability to investigate.* The plaintiff is locked up and has little to no ability to investigate the facts. For example, she is unable to identify, locate and interview the inmates who have gone who saw the defendants give plaintiff the wrong medication and force her to work. In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports about specific incidents, the history of medical defendants with prior record of inadequate medical care, history of non-medical defendants records of forcing seriously injured inmates to work, and the plaintiff's medical history. See Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel).

3. *Conflicting testimony.* The plaintiff's account of her inadequate medical care

and forcing her to work by defendants is squarely in conflict with the statements of the defendants. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existance of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F. Supp. 270, 271 (N. D. N.Y. 1988).

4. The ability of the indigent to present her claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F. 2d 160, 163 (4th Cir. 1984). In addition, she is confined with very limited access to legal materials. Rayes v. Johnson, 969 F. 2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. Level of complexity. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F. 2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S. Ct. 1995 (1992).

6. Merit of the case. The plaintiff's allegation, if proved, clearly would establish a constitutional violation. The unnecessary and wanton infliction of pain and life-long handicap and permanent loss alleged in the complaint clearly states an Eighth Amendment violation. See Hudson v. McMillian, --- U. S. ---, 112 S. Ct. 995, 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," which the Supreme Court has specifically cited as

an example of unconstitutional deliberate indifference to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285 (1976). The defendants unjustified denial of medication and therapy prescribed by outside specialist and the failure to give a meaningful statement of reasons for the decision are all plain violations of due process. Ponte v. Real, 471 U.S. 491, 497, 105 S. Ct. 2192 (1985); Superintendent v. Hill, 472 U.S. 455, 457, 105 S. Ct. 2768 (1985); Dyson v. Kocik, 689 F.2d 466, 467-68 (3rd Cir. 1982). On its face, then, this is a meritorious case.

## Conclusion

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

June 26, 2006

*[signature]*
Perrion Roberts
8966 US Highway 231
Wetumpka, AL 36092

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SERVED UPON District Court Clerk, Attorney General and Balch & Bingham LLP BY THE U.S. FIRST CLASS MAIL, THIS 26 DAY OF June, 2006.

_____
PETITIONER